UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: CV 12-08577 SJO (JEMx)    DATE: April 1, 2013

TITLE:    Treasure Garden, Inc. v. Red Star Traders, LLC., et al.
========================================================================
PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                                 Not Present
Courtroom Clerk                                  Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**          **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                      Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND/OR TRANSFER** [Docket No. 15]

This case comes before the Court on Defendants Red Star Traders, LLC ("Red Star"), and Costco Wholesale Corporation's ("Costco") (collectively, "Defendants") Motion to Dismiss or Transfer ("Motion") Plaintiff Treasure Garden, Inc.'s ("Plaintiff") Complaint alleging patent infringement of two separate patents. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for March 25, 2013.[1] *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion.

I.    FACTUAL AND PROCEDURAL HISTORY

Plaintiff alleges the following facts. Plaintiff is a corporation with its principal place of business in California. (Compl. ¶ 4.) Wanda Ying Li ("Ms. Li") is the inventor of two patents at issue here relating to the design of adjustable rotation bases for outdoor umbrellas, U.S. Patent No. 7,513,479 ("479 Patent"), and U.S. Patent No. 7,641,165 ("165 Patent") (collectively, "Umbrella Patents"). (Compl. ¶¶ 5-6, 13.) Oliver Joen-An Ma ("Mr. Ma") is the current owner of the Umbrella Patents, by virtue of assignment by Ms. Li on July 27, 2011. (Compl. ¶ 8; Ex. C.) Mr. Ma has entered into a licensing agreement with Plaintiff making Plaintiff the "exclusive licensee with substantial right to sue under the Umbrella Patents." (Compl. ¶ 8.) Red Star is a limited liability company with its principal place of business in Salt Lake City, Utah. (Compl. ¶ 9.) Costco is a corporation with its principal place of business within this District.

---

[1] The Court also separately resolved Defendants' Motion to Correct Inadvertently Filed Document (ECF No. 23), originally scheduled for hearing on April 1, 2013.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: **CV 12-08577 SJO (JEMx)**     DATE: **April 1, 2013**

As of 2011, Defendants were involved in selling an outdoor umbrella manufactured by Red Star and sold on Costco's website that utilized adjustable rotation bases; based on this, in April 2011, Ms. Li brought suit against Defendants for infringement of the Umbrella Patents, as well as a third patent, U.S. Patent No. 7,891,633 ("633 Patent"). (Opp'n to Mot. ("Opposition") 2-3, ECF No. 25.) Defendants discussed the matter with Ms. Li, and agreed to change the umbrella base in a way that satisfied Ms. Li. (Opp'n 2-3.) In March 2012, Defendants began selling this updated outdoor umbrella manufactured by Red Star utilizing a slightly different adjustable rotation base ("Red Star Umbrella"), also sold through Costco's website. (Compl. ¶¶ 14-15, 18.) On July 20, 2012, Ms. Li informed defendants that the Red Star Umbrella still infringed the 633 Patent and sent Defendants a letter insisting that they stop selling the Red Star Umbrella ("Cease-and-Desist Letter"). (Opp'n 3.)

Red Star filed a lawsuit in the Utah District Court on August 13, 2012, seeking declaratory relief against Li as to the Umbrella Patents as well as the 633 Patent ("Utah Action"). (Opp'n 3; Decl. of Tyson K. Hottinger in Supp. of Mot. ("Hottinger Decl.") Ex. 2, ECF No. 15-1.; *see Red Star Traders v. Li*, Case No. CV-12-00787-DAK (D. Utah 2012).) After that case was filed, Plaintiff filed the present case, without Ms. Li or Mr. Ma as parties, on October 5, 2012. (*See generally* Compl.) Red Star subsequently amended its complaint in the Utah Action, adding Costco as a Plaintiff and adding a cause of action for tortious interference with economic relations. (Hottinger Decl. Ex. 3.) Plaintiff has filed a motion to dismiss in the Utah Action based in part on an assertion that Utah lacks personal jurisdiction over Ms. Li and Mr. Ma. (Opp'n. 4; *see* Mot. to Dismiss, *Red Star Traders v. Li*, Case No. CV-12-00787-DAK (D. Utah 2012) ("Utah Action Motion").)

Defendants filed the present Motion on February 26, 2013, two days before Plaintiff filed its motion to dismiss in the Utah Action with Ms. Li and Mr. Ma. (*See* Mot., ECF No. 15.) Plaintiff has opposed the motion, and Defendants have replied in support thereof.

II.     DISCUSSION

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of the claims asserted in the complaint." *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-200 (9th Cir. 2003). In evaluating a motion to dismiss, a court accepts the plaintiff's factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see*

*Ileto*, 349 F.3d at 1200.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  To plead sufficiently, Plaintiff must proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

In their Motion, Defendants urge the court to dismiss the case for lack of standing by Plaintiff or, in the alternative, to transfer this case to Utah so that it can be resolved concurrently with the Utah Action.  (*See generally* Mot.)  The Court addresses each of these Issues in turn.

  B. <u>Plaintiff's Standing to Pursue Patent Infringement Claims</u>

Defendants first argue that Plaintiff cannot bring the present suit because it is not the owner of the patents and therefore lacks standing to enforce the patents independently of Mr. Ma.  (Mot. 4-5.)  The Federal Circuit has held that "[t]o bring an action for patent infringement, a party must be either the patentee, a successor in title to the patentee, or an exclusive licensee of the patent at issue." *Fieldturf, Inc. v. Sw. Recreational Indus., Inc.*, 357 F.3d 1266, 1268 (Fed. Cir. 2004).  A party claiming to be an exclusive licenses must demonstrate possession of "all substantial rights in the patent," such that the licensee is "in effect an 'assignee' and therefore a patentee."  *Textile Productions, Inc. v. Mead Corp.*, 134 F.3d 1481, 1484 (Fed. Cir. 1998).  Importantly, the mere "use of the term 'exclusive license' . . . is not dispositive; what the documents in fact recite is dispositive."  *Vaupel Textilmaschinen KG v. Meccanica Euro Italia SPA*, 944 F.2d 870, 875 (Fed. Cir. 1991).  Plaintiff here has alleged that it is the "exclusive licensee with substantial right to sue under the Umbrella Patents." (Compl. ¶ 8.)  Plaintiff further asserts in its Opposition that Mr. Ma, who both sides agree is the actual owner of the patents, has issued a declaration stating that he knows he will be bound by the result of the present litigation.  (Decl. of Oliver Ma in Supp. of Opp'n ("Ma Declaration") ¶¶ 5-6, ECF No. 25-2.)  This language is not dispositive, per the holding in *Vaupel*, as compared with the actual licensing agreement; but the Court does not have a copy of the actual license agreement at this time.  Defendants are correct that the language of the actual licensing agreement must control, and that Plaintiff has provided a surprising dearth of evidence supporting its claims (Mot. 4-5); but on a motion to dismiss the Court must accept all of Plaintiff's factual allegations as true, regardless of the strength or absence of evidence available to support such allegations.  *Shwarz*, 234 F.3d at 435.  Plaintiff has asserted that it is the exclusive licensee,

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:  CV 12-08577 SJO (JEMx)          DATE:  April 1, 2013

with full authority to bring suit with respect to the Umbrella Patents,[2] so for purposes of this motion the Court acknowledges that Plaintiff has standing to bring its claims.

This conclusion is not disturbed by Defendants' provision of evidence suggesting that Plaintiff lacks exclusive rights to litigate under the Umbrella Patents. Defendants provide a provocative account of Plaintiff's actions, as well as those of Ms. Li and Mr. Ma, which collectively suggest a pattern of collusion at Defendants' expense (*See* Reply in Supp. of Mot. ("Reply") 2-5, ECF No. 26.) Specifically, Ms. Li, many months after allegedly selling her interest in the Umbrella Patents as well as the 633 Patent, swore in an interrogatory that she maintained an interest in all three patents. (Reply 3; Decl. of Robert E. Aycock in Supp. of Reply ("Aycock Declaration") Ex. E, 169-70, ECF No. 26-1.) Ms. Li also was responsible for sending the Cease-and-Desist Letter to Defendants, also after the alleged transfer of rights to Mr. Ma. (Reply 3-4; Aycock Decl. Ex. C.) Both of these actions suggest that Plaintiff may not have full control of the Umbrella Patents; but again, at the motion to dismiss stage, the presence or absence of evidence cannot overcome a well-pleaded complaint. This rule is here to ensure that cases are not dismissed before both sides are presented the opportunity to support their assertions and explain apparently compromising evidence (as here) presented by the other side. The Court therefore **DENIES** Defendants' request to dismiss the case for lack of standing.

    A.    <u>Transfer to the District of Utah</u>

Defendants next argue that the Court should apply the "First-to-File Rule" and transfer this action to the District Court for the District of Utah to be resolved with the Utah Action. (Mot. 5-10.) The first-to-file rule "allows a district court to . . . dismiss an action when a similar complaint has already been filed in another federal court." *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 623 (9th Cir. 1991). Generally, the rule is invoked "when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys. Inc. v. Medtronic Inc.*, 678 F.2d 93, 95 (9th Cir. 1982) (quoted by *Alltrade*, 946 F.2d at 625). As Defendants observe, the Utah Action was filed previously to this case (Hottinger Decl. Ex. 2; *see generally* Compl.), it involves largely the same parties[3] (Hottinger Decl. Ex. 3; *see generally* Compl.), and it involves

---

[2]  The Court cannot rely, as Defendants ask, on the fact that Plaintiff failed to allege that it had "<u>all</u> substantial rights" (Mot. 5): Plaintiff's omission of the word "all", though regrettable, does not automatically invalidate its statement that it controls the substantial rights to the Umbrella Patents.

[3]  The Utah Action, as this case, includes Plaintiff and both Defendants, but it also includes both Ms. Li and Mr. Ma as parties. (*See generally* Utah Action.) However, the test does not require that the first-filed case be identical, only that it be similar. Here, Ms. Li and Mr. Ma are intricately involved in the series of events at issue here, and so their inclusion in the Utah Action does not disrupt the similarity of parties between the two cases.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: <u>CV 12-08577 SJO (JEMx)</u>     DATE: <u>April 1, 2013</u>

largely the same issues (Hottinger Decl. Ex. 3; *see generally* Compl.).[4] Thus, the basic test is clearly satisfied in this case.

Plaintiff offers four arguments in opposition to transfer of this case to the Utah District: (1) that the Utah Action was improvidently brought without foundation and thus cannot be maintained; (2) that the First-to-File Rule should properly bring the Utah Action here because it was amended to its present version after the present matter was filed; (3) that equity demands that the case be maintained here because Defendants are effectively "forum shopping"; and (4) that efficiency and judicial economy both weigh in favor of maintaining this action here. (Opp'n 9-16.) The Court addresses each of these arguments in turn.

    1.    <u>Foundation for Utah Action</u>

Plaintiff first argues that the case should not be transferred to Utah because the Utah Action is itself invalid. Specifically, Plaintiff alleges that Red Star's only basis for filing the Utah Action was the Cease-and-Desist Letter, and such a letter "does not give a party sufficient grounds to bring an action for declaratory relief." (Opp'n 10-11.) Plaintiff cites to a Federal Circuit case holding that courts:

> [H]ave consistently required the defendant [in a declaratory relief action] to have engaged in 'other activities' that relate to the *enforcement* or the *defense of the validity* of the relevant patents. Examples of these 'other activities' include initiating judicial or extra-judicial patent enforcement within the forum, **or entering into an exclusive license agreement or other undertaking which imposes enforcement obligations with a party . . . regularly doing business in the forum**.

*Avocent Huntsville Corp. v. Aten Int'l Co., Ltd.*, 552 F.3d 1324, 1334 (Fed. Cir. 2008). It would be improper for this Court to rule on the merits of Plaintiff's Utah Action Motion, but even without ruling on that motion it can identify two difficulties with Plaintiff's arguments here. First, it is far from clear that Plaintiff could successfully challenge personal jurisdiction over Ms. Li and Mr. Ma, because Plaintiff acknowledges that Ms. Li has engaged in numerous and extensive enforcement

---

[4] Again, the two cases do not raise identical issues. This case addresses the alleged infringement of the Umbrella Patents only, whereas the Utah Action addresses the alleged infringement also of the 633 Patent, and also includes a cause of action for tortious interference with economic relations. (Hottinger Decl. Ex. 3; *see generally* Compl.) Again here, the Court finds that the differences in subject matter do not affect the substantial similarity of the cases: most importantly, all three patents at issue in either case will be addressed by the Utah Action.

UNITED STATES DISTRICT COURT
                    CENTRAL DISTRICT OF CALIFORNIA

                         CIVIL MINUTES - GENERAL


CASE NO.:   CV 12-08577 SJO (JEMx)          DATE:  April 1, 2013

discussions with the Utah-based Red Star beyond the issuance of the Cease-and-Desist Letter, and Mr. Ma entered into an exclusive licensing agreement that transferred enforcement obligations with Plaintiff, over whom Utah undeniably has personal jurisdiction. Secondly, and more fundamentally, **based on Plaintiff's own statement of the case, Ms. Li and Mr. Ma are dispensable parties, and so even if they were removed from the Utah Action it would still be a proper place for resolution of issues relating to the Umbrella Patents**. Plaintiff cannot simultaneously argue that it has exclusive right to enforce the Umbrella Patents as a basis for standing, and then argue that the absence of two other parties, presumably without any enforcement rights, is fatal to a declaratory judgment case. Plaintiff's arguments here therefore cannot serve as a basis for declining to transfer the case.

        2.        <u>Amendment of Utah Action</u>

Plaintiff next argues that, although Red Star filed the Utah Action before Plaintiff filed the present action, the operative complaint in the Utah Action was filed after this action, and so it lost its proverbial "place in line." (Opp'n 11-14.) Plaintiff has not cited to any cases, in this Circuit or any other, to support the proposition that courts must only consider the original complaint when determining whether the First-to-File Rule applies. But an analysis of caselaw in this area reveals that a complaint, rather than a case, must be the relevant metric in application of the First-to-File Rule. *See Alltrade*, 946 F.2d at 623 (applying the Rule "when a similar **complaint** has already been filed in another federal court") (emphasis added); *Pacesetter*, 678 F.2d at 95 (invoking the rule "when a **complaint** involving the same parties and issues has already been filed") (emphasis added). Thus, Plaintiff is correct that the Court would normally need to run this analysis based on the original complaint and not on the amended complaint.

Looking at the original Complaint, the Court notes that the issues would still remain largely the same (resolution of the Umbrella Patents), but that the original Utah Complaint does not include Plaintiff as a party. In this case, however, the Court does not find that this issue need be dispositive in negating transfer to Utah pursuant to the First-to-File Rule. When Red Star filed the Utah Action, it had not been contacted by Plaintiff or Mr. Ma at all, and Ms. Li had never informed Red Star that Plaintiff possesses sole authority to enforce the Umbrella Patents. (Reply 8-9; Aycock Decl. ¶ 9.) Indeed, Ms. Li actively engaged in activities suggesting that she "continues to claim rights and interests" to the Umbrella Patents. (Reply 9; *See* Aycock Decl. ¶¶ 4-5, 7-8, 10-15, Exs. C, E-G.) Thus, to Red Star's knowledge, it asserted its claims against the entity with enforcement rights over the Umbrella Patents. The Court will not punish Defendants based on Plaintiff's, Mr. Ma's, and Ms. Li's failure to properly communicate ownership of rights over the Umbrella Patents, and therefore deems the "similarity of the parties" prong of this analysis

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: CV 12-08577 SJO (JEMx)          DATE: April 1, 2013

satisfied by Red Star's inclusion of Ms. Li, the apparent owner of the Umbrella Patents, in its original filing.[5] Plaintiff's argument here is thus unavailing.

        3.         Equitable Concerns

Plaintiff next argues that Defendants should not be allowed to transfer this case to Utah because to do so would be to reward their "forum shopping." (Opp'n 14-15.) Courts may, "in the exercise of their discretion, dispense with the [First-to-File] rule for reasons of equity," including where parties have demonstrated bad faith, forum shopping, or other actions taken in anticipation of a lawsuit. *Z-Line Designs, Inc. v. Bell'O Int'l, LLC*, 218 F.R.D. 663, 665 (N.D. Cal. 2003) (following *Alltrade*, 946 F.2d. at 628). Anticipatory suits where a "plaintiff in the first-filed action file[s] suit on receipt of specific, concrete indications that a suit by the defendant [i]s imminent are viewed with disfavor as examples of forum shopping and gamesmanship." *Xoxide, Inc. v. Ford Motor Co.*, 448 F. Supp. 2d 1188, 1193 (C.D. Cal. 2006) (quoting *Guthy-Renker Fitness, LLC v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 271 (C.D. Cal. 1998)). This rule has also held true in the context of intellectual property disputes. *See Xoxide*, 448 F. Supp. 2d at 1993 (dismissing declaratory judgment action as anticipatory and therefore an improper attempt at forum shopping); *Xilinx, Inc. v. Invention Inv. Fund I LP*, C 11-0671 SI, 2011 WL 3206686, at *2-3 (N.D. Cal. July 27, 2011) (applying Ninth Circuit rules to dismiss a declaratory judgment action because it constituted forum shopping in anticipation of litigation by defendants). Here, taking the facts as pleaded by Plaintiff, Defendants filed this action following the breakdown of a previous understanding relating to their umbrellas, and after receipt of the Cease-and-Desist Letter. Under the holdings outlined above, which disfavor anticipatory declaratory judgment litigation, the default equity considerations weigh against transferring this case to Utah.

This does not complete the Court's analysis however: in the context of patent cases, this Court is bound by Federal Circuit precedent rather than by district court decisions, or even those of the Ninth Circuit. And in this context, the distinction is significant; the Federal Circuit has held that:

> [t]he considerations affecting transfer to or dismissal in favor of another forum do not change simply because the first-filed action is a declaratory action. When the declaratory action can resolve the various legal relations in dispute and afford relief from the controversy that gave rise to the proceeding, and absent sound reason for a change of forum, a first-filed declaratory action is entitled to precedence as against a later-filed patent infringement action.

---

[5] That Red Star subsequently amended this complaint to include Plaintiff and Mr. Ma strengthens the Court's finding here, because it demonstrates that Red Star's goal in filing the Utah Action was to obtain declaratory relief against whichever entity holds enforcement rights over the Umbrella Patents.

*Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 938 (Fed. Cir. 1993), *abrogated on other grounds by Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995).  This case appears to represent just such a situation. Plaintiff provides no compelling argument in equity apart from its vague allegation that Defendants are "forum shopping" that transfer would be improper.  Without allegations of anything further, or any convincing argument that the Utah Action could not resolve all issues in this case, the Court can identify no equitable reason not to transfer the case.

In fact, some of the *Genentech* factors weigh in favor of Defendants' claim that the case should be transferred to Utah.  The Utah Action consolidates an additional, related patent claim, to the 633 Patent, making it the more efficient forum of all three patents.  And the Utah Action presently involves all three parties who may or may not have claimed enforcement rights over the Umbrella Patents, meaning that all issues could be resolved simultaneously against all potential parties in interest in the Utah Action.  As such, Plaintiff's arguments in equity cannot convince this Court not to apply the First-to-File Rule.[6]

4. Efficiency and Judicial Economy

Finally, Plaintiff argues that considerations of efficiency and judicial economy weigh in favor of hearing the case in this Court, largely based on the fact that parties have already discussed these issues before a magistrate judge in this District.  (Opp'n 15-16.)  Plaintiff provides no caselaw supporting its contention that the location of past discussions related to a set of issues should be controlling in any way in resolving questions of efficiency and judicial economy.  But even if it had, as Defendants note, the Umbrella Patents were not discussed in this District because they revolved around the Li Action, which both parties agree has never involved the Umbrella Patents. (Reply 14; Aycock Decl. ¶¶ 4, 10-11.)  In fact, Defendants have provided information suggesting that they sought to include the Umbrella Patents in that case, but their request to include the Umbrella Patents in the Li Action discussions was rebuffed.  (Aycock Decl. ¶ 10.)  Efficiency is lost, and judicial resources are wasted, where multiple actions continue simultaneously, and in this case Plaintiff together with Ms. Li and Mr. Ma appear to be the most responsible for the current procedural confusions.  Defendants have consolidated the major patents at issue in their declaratory relief filing in the Utah Action.  Given the circumstances, the Court believes that the Utah Action offers the best current opportunity for a joint resolution of all relevant patent ownership and infringement concerns, and that, contrary to Plaintiff's assertions, considerations of efficiency and judicial economy weigh in favor of transfer of this case to the District of Utah.

---

[6] The Court is not persuaded away from this view by the fact that Ms. Li has filed a separate claim in this District asserting violations of separate patents.  (*See* Aycock Decl. ¶ 2; *Wanda Ying Li v. Costco Wholesale Corporation, et al.*, Case No. CV 11-02996 MWF (JCGx) ("Li Action").)  That case never involved the Umbrella Patents and so it is irrelevant to the question whether this case should be transferred to Utah.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

CASE NO.:  **CV 12-08577 SJO (JEMx)**          DATE: **April 1, 2013**

The Court therefore **GRANTS** Defendants' request to transfer this case to the District of Utah for further resolution in conjunction with the Utah Action.

IV.    RULING

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion. The Court **MAINTAINS** Plaintiff's claims for patent infringement, but **TRANSFERS** this case in its entirety to the District of Utah for further resolution.

IT IS SO ORDERED.